UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO.: 4:20-CR-00045-RSB-CLR |
| | ) |
| JOHN PAUL JOSEPH KEEGAN, et.al., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT SHARON KEEGAN'S SUPPLEMENTAL BRIEF REGARDING
STANDING TO ASSERT CO-DEFENDANT'S RIGHTS AS
GROUNDS FOR SEVERANCE**

On January 25th, this Court heard oral arguments from the parties regarding Sharon Keegan's Motion to Sever the trial of her case from that of her Co-Defendant (Doc 55). At that time, the Magistrate Court took the motion under advisement and requested counsel to brief the issue of the standing of Sharon Keegan to assert her Co-Defendant's rights to object to evidence she intends to introduce in her case regarding abuse committed against her by the Co-Defendant and its effect on the trial (Doc 83). Defendant Sharon Keegan incorporates by reference her Motion to Sever and Brief in Support thereof (Doc 55).

**SUMMARY**

Since the Defendant Keegan has a constitutional right to present a complete defense and a constitutional right to have her case heard by the jury originally sworn in to hear her case, she has standing to move to sever her case from that of a Co Defendant. This is based upon the Co-Defendant's right to object to the introduction of the evidence of abuse by him on her as irrelevant on the case against him regarding child pornography. Such a scenario would create either: a) a

deprivation of her right to a complete defense if his objection is sustained, or b) create a deprivation of her right have the original jury hear and decide her case if the trial Court grants a mistrial.

## Argument and Citation of Authority

**1) The gruesome evidence of horrific sexual abuse of small children which will be introduced against the Co-Defendant cannot be separated from the Defendant Sharon Keegan by a jury instruction.**

Plaintiff's original brief discussed the horrific nature of the evidence of sexual abuse of small children, which the government intends to introduce in the trial of its case directed at the Co-Defendant. It cannot be effectively argued that Defendant Keegan will not be prejudiced by the introduction of the evidence of sexual abuse of small children during her trial that is relevant only against her Co-Defendant. In this scenario, a limiting jury instruction would not avoid a serious risk that a joint trial would prevent a jury from making a reasonable judgment about guilt or innocence. *Blakenship*, 382 F. 3d at 1122-23. As stated, the evidence of the abuse of the small children is not related in any way to Defendant Keegan, but its very existence will prejudice Defendant Sharon Keegan and no limited jury instruction will be able to unring that bell. The Courts have recognized this is a concern, for example, "where the . . . gruesome evidence against one defendant overwhelms the *de minimus* evidence against the Co-Defendant(s)," *United States v. Gray*, 173 F.Supp.2d 1 (D.D.C. 2001); *see, e.g., United States v. Sampol*, 636 F.2d 621 (D.C. Cir. 1980) (mandating severance where limiting instructions "could not provide their intended protection against prejudice in the face of this emotional evidence"). "Finally, severance is required under *Zafiro* where one Defendant is being charged with a crime that, while somehow related to the other Defendants or their overall criminal scheme, is significantly different from those of the other defendants." *U.S. v. Blankenship*, 382 F.3d 1110, 1125 (11th Cir. 2004).

    **2)**    **The introduction of unfavorable evidence against the Co- Defendant involving abuse of the Defendant Sharon Keegan creates a serious risk of either the deprivation of the Defendant Sharon Keegan's right to a complete defense and /or the Defendant Sharon Keegan's right to the right to go to verdict with the jury that is sworn in to hear her case.**

    As stated, the Defendant Sharon Keegan has provided notice of her intent to introduce evidence of an abusive relationship with the Co-Defendant.(Doc 53) This is more specifically laid out in the Plaintiff's brief in support of her Motion to Sever. Doc 55. As stated in that brief, she has a right to a complete defense and that includes the right to present evidence of the abuse practice upon her in this relationship with Co-Defendant. *US v Frazier*, 387 F. 3d 1244, 1271 (11th Circuit 2004). If her case is not severed from her Co-Defendant, once she begins to introduce evidence of the abusive relationship and abuse practiced upon her by the Co-Defendant, he will most likely object to the introduction of that evidence as being irrelevant the charges against him. Then a similar issue comes up as to the evidence of these actions being considered by jury against him as opposed to exculpating the Defendant Sharon Keegan. If the Court sustains the objection of the Co-Defendant, Sharon Keegan is deprived of her constitutional right to complete defense. If the Court denies the objection by the Co-Defendant, then the Co-Defendant is in a position to ask for a mid-trial motion to sever which is in essence a motion for mistrial. If the Court were to grant that motion, then the Defendant Sharon Keegan has been deprived of her constitutional right to have the jury that was initially sworn in to finish her case. *Blakenship* , 382 F. 3d at 1120, (Ft note 20). Consequently, the Defendant Sharon Keegan has the right to raise the defenses of the Co-Defendant as they have the potential to result in the deprivation of the Defendant Sharon Keegan's constitutional rights depending on how they are handled at trial.

WHEREFORE Defendant Sharon Keegan prays this Court grant her motion to sever her trial from that of the Co-Defendant.

This 24th day of February, 2021.

                                                DUFFY & FEEMSTER, LLC
                                                */s/ Dwight T. Feemster*
                                                DWIGHT T. FEEMSTER
                                                Georgia State Bar No.: 257253
                                                Attorney for Defendant Sharon Keegan

340 Eisenhower Drive
Suite 800, Second Floor
Savannah, Georgia  31406
Phone: (912) 236-6311
Fax: (912) 236-6423
dwight@duffyfeemster.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO.: 4:20-CR-00045-RSB-CLR |
| | ) |
| JOHN PAUL JOSEPH KEEGAN, et.al., | ) |
| | ) |
| Defendants. | ) |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the foregoing on all the parties in this case in accordance with the Notice of Electronic Filing which was generated as a result of electronic filing in this Court.

This 24th day of February, 2021.

DUFFY & FEEMSTER, LLC
*/s/ Dwight T. Feemster*
DWIGHT T. FEEMSTER
Georgia State Bar No.: 257253
Attorney for Defendant Sharon Keegan

340 Eisenhower Drive
Suite 800, Second Floor
Savannah, Georgia 31406
Phone: (912) 236-6311
Fax: (912) 236-6423
dwight@duffyfeemster.com